Martin & Shown, James J. Shown, Houston, for appellant.

Wesley Dice, State's Atty., Austin, for the State.

WOODLEY, Judge.

The conviction is for possessing a bomb; the punishment 13 years in the penitentiary.

The sole question presented is the sufficiency of the indictment, the charging part of which reads as follows:

"* * * did then and there unlawfully possess and have in his control a bomb, to-wit: a collection of nitroglycerine capable by its ignition and explosion of causing damage to persons and property * * *"

The indictment was drawn under Art. 1723 Vernon's Ann.P.C., Section 1(c) of which defines the term "bomb" as meaning "Any collection of nitroglycerine, dynamite, gunpowder, guncotton or other form of explosive matter including caps, fuses or fuse-heads, capable by their ignition or explosion of causing damage to persons or property."

Appellant contends that the possession of nitroglycerine is not an offense under Art. 1723 and the foregoing definition unless such substance be a part of a "collection" including caps, fuses or fuse heads as well as nitroglycerine and collectively is capable, by ignition or explosion, of causing damage to persons or property.

Appellant cites as authority Roach v. State, Tex.Cr.App., 261 S.W.2d 847, a former appeal of a conviction against him for possessing a bomb. There we held the indictment insufficient and ordered the prosecution dismissed because of the absence of any allegation specifying the kind, type or nature of the bomb the accused was alleged to have possessed. We pointed out that some of the things defined as constituting a bomb were not explosives. Reliance could not, therefore, be had on the ordinary meaning of the word bomb in charging the offense defined by this statute.

We cannot agree with appellant's contention here and do not think that the case cited in any way supports his position.

As we understand the definition of a bomb in Section 1(c) of Article 1723 V.A. P.C., a "collection" or amount of nitroglycerine or other explosive which is capable by its ignition and explosion of causing damage to person or property is a bomb, the possession or control of which is punishable under Section 2 of said Article 1723, V.A.P.C., though no caps, fuses or fuse heads are included or possessed or controlled in connection therewith.

The trial court was correct in overruling the motion to quash the indictment upon the grounds that it failed to describe a "bomb" as defined in the statute.

The judgment is affirmed.

SALIBO v. STATE.

No. 27042.

Court of Criminal Appeals of Texas.

June 16, 1954.

McGREW v. STATE.

No. 27024.

Court of Criminal Appeals of Texas.

June 16, 1954.

No attorney on appeal for appellant.

Ewing Werlein, Dist. Atty., King C. Haynie, Asst. Dist. Atty., Houston, Wesley Dice, State's Atty., of Austin, for the State.

WOODLEY, Judge.

Appellant was charged by indictment with possessing barbiturates and with having delivered barbiturates to one Bob Richards. Both counts were submitted to the jury and appellant was found guilty and his punishment assessed at two years in jail and a fine of $1000 on each count.

Judgment was entered on the verdicts adjudging that appellant be confined in jail for a term of four years and that the state recover $2000 in fines.

Motion for new trial was filed and amended and the trial court granted the motion as to the first count in the indictment and reformed the judgment. Appellant gave notice of appeal from the order overruling the motion as to the second count which charged the delivery of barbiturates to Bob Richards, and upon which count a punishment of two years in jail and a fine of $1000 was assessed by the jury.

No statement of facts is found in the record and there are no bills of exception. The proceedings appear to be regular and nothing is presented for review.

The judgment is affirmed and no motion for rehearing will be permitted to be filed.

C. C. McKinney, Cooper, Frank D. Wear, Paris, for appellant.

Wesley Dice, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is rape; the punishment, 25 years.

No statement of facts of the trial on its merits is before us. This appeal is predi-